Sandra L. NEWTOWN, Plaintiff,

v.

SHELL OIL COMPANY, Defendant.

No. 3:97CV0167(GLG).

United States District Court,
D. Connecticut.

Nov. 1, 1999.

Philip H. Bartels, John C. Fusco, Holland Kaufmann & Bartels, Greenwich, CT, for Sandra L. Newtown.

L. Chris Butler, Houston, TX, Gerald P. Dwyer, New Haven, CT, for Shell Oil Co.

James G. Williams, Cella, McKeon & Williams, North Haven, CT, for Kenneth Johnson.

Gerald P. Dwyer, New Haven, CT, for Glenn Fillion, David Williams, Jim Munson.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Following a jury trial at which the plaintiff prevailed and the jury awarded plaintiff $100,000 in compensatory damages and $1,400,000 in punitive damages, the parties have now briefed the question of additional damages and the application of the limitations provision in 42 U.S.C. § 1981a(b)(3). The jury had been charged that consideration of lost wages, past and future, was a matter reserved to the Court. We now make that determination.

## BACK PAY

The parties stipulated to forego a hearing on lost wages and interest and stipulated to the submission of an appraisal of economic loss by an economist but did not stipulate that his conclusions should be accepted. The economist determined that the plaintiff suffered an economic loss of $19,704 in income and $1,970.40 in fringe benefits to the date of trial. Defendant does not disagree with those figures. Consequently the plaintiff is awarded $21,674.40 in back pay. In addition, the plaintiff is entitled to interest on the back pay. Using the United States 52–week Treasury Bill equivalent coupon issue yield rate to calculate prejudgment interest through the date of entry of judgment, we find that the prejudgment interest amounts to $5,003.04. Therefore, the total amount of back pay with compounded interest is $26,677.44.

## FRONT PAY

Whether or not front pay should be awarded is a matter within the discretion of the Court after consideration of the facts of the case. *Tennes v. Commonwealth of Mass., Dept. of Revenue,* 944 F.2d 372 (7th Cir.1991). Whether or not front pay should be awarded depends at least in part upon whether other items of damages have been compensated. *Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 145 (2d Cir.1993); *Barbano v. Madison County,* 922 F.2d 139, 146 (2d Cir.1990). We note here that the jury award, even when severely reduced by the cap on compensatory and punitive damages, is many times the actual out-of-pocket losses of the plaintiff.

Moreover, the economist's report does not have any persuasive evidence that the plaintiff will suffer a loss of wages in the future. She is presently making more than she did at the time of the termination of her employment. She is, while working, pursuing a Masters Degree in business administration which should enhance her future earnings potential. The economist's calculations of her future earnings is simply a mathematical one tied to certain average figures including the discount rate. He concludes that over the rest of her work life expectancy of almost thirty-three years, she will have an earnings loss of $49,559 discounted to present value. We note that damages for projected future earning losses should be limited to the time until which the plaintiff is able to find comparable employment through diligent effort. *See, e.g., Berndt v. Kaiser Aluminum & Chem. Sales, Inc.,* 789 F.2d 253 (3d Cir.1986).

For the foregoing reasons, i.e., the size of the other relief granted to the plaintiff and the absence of any believable evidence that she will sustain a future loss of earnings, we decline to award any such additional damages.

## COMPENSATORY AND PUNITIVE DAMAGES TO BE AWARDED

As noted earlier the jury awarded plaintiff compensatory and punitive damages totaling $1,500.000. That must be reduced to the $300,000 limitation provided for in the statute cited earlier.

Plaintiff argues that while the punitive damages portion must be so capped, the compensatory damages of $100,000 should

be awarded in addition to the cap because she also had a claim under Connecticut General Statute 46a–60(a)(4) and that Connecticut does not have a cap on damages under such claims. That is true. However, Connecticut awards only minor punitive damages (essentially the cost of litigation) so that any total award under the Connecticut statutes would be much less than the federal cap.

What plaintiff is attempting to do is to tie together the most favorable portion of the federal and state statutes and ignore the remainder of the statutes. This, however, is not a Chinese family dinner where you can take one from Group A and one from Group B. Each statutory system is a unity. If the total damages available under the Connecticut statute exceeded the cap, it is possible that the federal limitations could be discarded in favor of the Connecticut damages. We do not decide that issue here, however, since that is clearly not the case. We find that plaintiff's damages, exclusive of the back pay award discussed above (and attorney's fees discussed hereafter), are capped at $300,000. Consequently the Clerk should enter judgment for the plaintiff in the amount of $326,677.44.

### ATTORNEY'S FEES

Plaintiff's counsel has submitted a request for attorney's fees in the amount of $70,934 and out-of-pocket disbursements of $15,909.81, for a total of $86,843.81. Defendant's counsel has orally advised us that he does not oppose that application. Consequently, the Clerk will enter judgment in the amount of $86,843.81 for attorney's fees and disbursements.

### CONCLUSION

The Clerk will enter judgment for damages for plaintiff in the amount of $326,677.44 with an award of attorney's fees and disbursements in the amount of $86,843.81.